IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | | |
|---|---|---|
| JUAN DELGADO-RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>TINA WALKER, SUPERINTENDENT; JENA RANIERI, C.F.S.I CORRECTIONAL OFFICER; MARTIN SWITZER, D.S.C.S P.R.C MEMBER; JOSHUA POSKA, MAYOR OF GUARD, P.R.C MEMBER; ANTHONY TYNER, UNIT MANAGER, P.R.C MEMBER; LIEUTENANT JOHNSON, SERGEANT SHEA, T.V. HAYES, L.T. WOOLDRIDGE,<br><br>Defendants, | ) | 2:26-CV-00412-CBB |

**ORDER**

AND NOW, this 1st day of September, 2026, it is HEREBY ORDERED that Plaintiff's Supplement ECF No. 41 is STRICKEN without prejudice.

Plaintiff submits a "supplement" to his second amended complaint to include facts that post-date that filing. Plaintiff may not partially amend a complaint to add facts as they occur. Instead, Plaintiff must file a motion to amend his complaint and include the proposed amended complaint as an exhibit to his motion. The proposed amended complaint must be one stand-alone document that does not reference or incorporate any other document filed in this case. Plaintiff was previously informed of this requirement. *See* Standing Practice Order for Pro Se

Civil Rights Cases ECF No. 2 at ¶ 9 ("If a plaintiff wishes to file an amended complaint after this point, then he/she must file a motion requesting leave to file an amended complaint and attach a copy of the proposed amended complaint to his/her motion. An amended complaint must be complete in itself. It cannot reference any prior complaint and any allegations or defendants that are not included in the amended complaint will be considered dismissed.").

**The Court recognizes Plaintiff submitted an appendix and several exhibits attached to his supplement. ECF No. 41-1 – 41-22. In the interests of fairness, Plaintiff need not resubmit those documents to the Court to the extent he intends to rely on those documents in the future – the Court will consider those documents filed.**

Plaintiff may therefore submit a motion to amend his complaint and include the proposed third amended complaint as a separate exhibit by **October 1, 2026** in compliance with the attached instructions.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

# INSTRUCTIONS FOR FILING AMENDED COMPLAINT

## A. Caption and Heading

The caption must include the name of the court, the parties, their capacities (*i.e.,* whether they are being sued in their individual or representative (official) capacity), and the title of the pleading (*i.e.,* Second Amended Complaint). Plaintiff must place his full name at the top left of the second amended complaint and also list the names of each individual defendant. Plaintiff must name as defendants only those persons who are responsible for the alleged constitutional violation(s).[1]

## B. Parties

As the person initiating the lawsuit, Plaintiff must identify himself as such. Also, for each defendant named in the second amended complaint, Plaintiff should that list that defendant's current address and description of employment (*i.e.,* Secretary, Superintendent, Corrections Officer, Grievance Officer, etc.).

## C. Jurisdiction

Because federal court is a court of limited jurisdiction, Plaintiff must inform the Court why the case should be heard in federal court rather than in state

---

[1] Plaintiff should only name defendants who had personal involvement in the alleged wrongdoing. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). If Plaintiff is unaware of a defendant's name, then he may list that defendant as a John/Jane Doe.

court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the second amended complaint, were acting under the authority or color of state law.

**D. Statement of Claim**

This is the time to present the facts of the case: what happened, where it happened, when it happened, how it happened, and who was involved. In this section, Plaintiff should write a summary of the facts relevant to this lawsuit. Additionally, any document referenced to in this section must be cited as an exhibit and attached at the end of the second amended complaint.

In this section, Plaintiff must provide specific details of precisely how his civil rights were allegedly violated. He should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under Section 1983. Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s). Plaintiff should not include legal argument in his second amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, each defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the second amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be clearly and specifically described; it should include the relevant time, date, and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident. Additionally, the proposed second amended complaint should set forth factual allegations that, taken together, satisfy the elements of the cause of action.

Plaintiff should also note that courts have consistently held that a "prisoner's allegations of verbal harassment, unaccompanied by another injury, are not cognizable under § 1983." *Sears v. McCoy*, 815 F. App'x 668, 670 (3d Cir. 2020) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (explaining that mere threatening language and gestures of a custodial officer are not constitutional violations).

Plaintiff is reminded that Federal Rule of Civil Procedure 8 requires that his proposed second amended complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, Plaintiff's proposed second amended complaint must be "simple, concise and direct." Fed. R. Civ. P. 8(e)(1). Plaintiff's proposed second amended

complaint must identify all factual allegations, all defendants and all causes of action. He must specifically indicate which cause of action he intends to assert against each defendant. The proposed second amended complaint must be one stand-alone document that does not reference any other document filed in this case. Plaintiff's failure to submit a proposed second amended complaint that is simple, concise and direct will be considered a failure to comply with an Order of Court and with the Federal Rules of Civil Procedure and will result in a denial of his motion to amend.

**E. Injury**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation. Simply stating that his civil rights have been violated is insufficient.

**F. Request for Relief**

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered. However, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.

**G. Exhaustion of Administrative Remedies**

Plaintiff should be aware that under 42 U.S.C. § 1997e(a), he must fully exhaust all available remedies that are available to him before pursuing a civil rights complaint concerning prison conditions.

**H. Previous Lawsuits**

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing. Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

**I. Declaration Under Penalty of Perjury**

Federal Rule of Civil Procedure 11 provides that every pleading, written motion, and other paper must be signed by an individual attorney of record or by the *pro se* party. Therefore, Plaintiff must sign his proposed second amended complaint and when doing so he is making a declaration under law to the Court that everything in the proposed second amended complaint is true.